IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
FEB 20 2018

PER ＿＿＿＿＿＿
DEPUTY CLERK

| | |
|---|---|
| JIMITA RACHEL DIXON, | |
| Petitioner | |
| v. | CIVIL NO. 3:CV-16-760 |
| JOHN WETZEL, ET AL., | (Judge Conaboy) |
| Respondent | |

## MEMORANDUM
### Background

Jimita Rachel Dixon filed this pro se petition for writ of habeas corpus while confined at the State Correctional Institution, Muncy, Pennsylvania (SCI-Muncy). The Petitioner was subsequently transferred to the State Correctional Institution, Cambridge Springs, Pennsylvania (SCI-Cambridge Springs). Service of the petition was previously ordered.

Dixon states that she is serving a sentence which was imposed on February 14, 2011 by the Court of Common Pleas of Erie County, Pennsylvania. The sparsely worded petition appears to seek federal habeas corpus with respect to unfavorable decisions made by the Pennsylvania Board of Probation and Parole (Parole Board) regarding Dixon's suitability for release on parole.

After being granted an extension of time the Respondent filed a response which acknowledged that Petitioner had been denied parole three (3) times. The Respondent argued that the Parole Board decisions made in Petitioner's case were appropriate

1

and did not violate Dixon's due process and equal protection rights. The Respondent also noted that Petitioner failed to exhaust her state court remedies.

## Discussion

### Mootness

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No.

3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

Based upon this court's review of the record, it appeared that Petitioner had completed service of her sentence. As a result, the Court contacted officials at SCI-Cambridge who verified that Petitioner had completed service of her sentence and had been released from custody.

As explained in Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. Feb. 18, 2009). in the context of a habeas corpus challenge to the execution of a sentence, "[i]ncarceration satisfies the case or controversy requirement; it is a concrete injury." Id. However, once the petitioner has been released, "some continuing injury, also referred to as a collateral consequence, must exist for the action to continue." Id. See also United States v. Jackson, 523 F.3d 234, 241 (3d Cir. 2008).

Dixon vaguely asserts that she was improperly denied favorable parole consideration. The Supreme Court in Spencer v. Kemna, 523 U.S. 1, 7 (1998), held that release of a petitioner from custody on a parole violator term deprived federal courts of the power to act. Significantly, the Court found that there were no "collateral consequences" remaining after expiration of the parole violator term sufficient to animate the matter with a case or controversy capable of concrete redress, explaining that federal courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." Id. at 18. See also United States v. Kissinger, 309

3

F.3d 179, 181-82 (3d Cir. 2002) (a petitioner unconditionally released from probation cannot maintain challenge to sentence received for violating the terms of probation); Lane v. Williams, 455 U.S. 624, 632-34 (1982); Hagwood v. Grondolsky, 2009 WL 455499 *2 (D.N.J. Feb. 19, 2009).

Petitioner has not shown that she is suffering any collateral consequences as required under Spencer and Kissinger stemming from the alleged prior improper denials of parole. As noted in Hagwood, the type of habeas claim asserted herein is mooted once an inmate is released from imprisonment.

Since Dixon has been released from state custody, under the principles set forth in Steffel, her sole claim of being improperly denied parole consideration is subject to dismissal as moot since it no longer presents an existing case or controversy.

**Merits**

Assuming arguendo that Petitioner's action was not moot, for the reasons set forth below she has still not demonstrated a basis for federal habeas corpus relief. Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).

A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993). Federal habeas relief is available only "where the

4

deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

It is well-settled that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979). A federal court's review of a Parole Board decision is limited to an abuse of discretion standard. A federal district court needs only to consider whether the record provides a rational basis for the parole ruling. Gambino v. Morris, 134 F.3d 156, 160 (3d Cir. 1998).

It must ensure that the Parole Board has followed appropriate criteria and that its "decisions are neither arbitrary and capricious nor based on impermissible considerations." Id. (citation omitted). Furthermore, the Third Circuit Court of Appeals has noted that, when the Parole Commission issues any written determinations, it "must reveal reasoning and not simply present conclusions, at least where the reasoning is not apparent from the facts of the case." Marshall v. Lansing, 839 F.2d 933, 943 (3d Cir. 1988).

Based upon a liberal review of the record, Dixon's sparse assertion that she was not given a "fair chance equal opportunity" does not set forth any viable claim which could support a determination that the denials of parole were improper under the above described well settled standards. Doc. 1, ¶ 6.

There is no viable argument that Petitioner was denied favorable parole consideration because of her race or gender. Rather, the parole decisions issued in Dixon's case state that the Parole Board determined that she was not suitable for release because of multiple permissible factors including her conduct while incarcerated and a lack of recommendation by the Department of corrections. An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: FEBRUARY 20, 2018